IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF

V.                               NO. 17-CR-50054-001

BRANDON MARTIN                                    DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's pro se **Motion for Removal of Enhancement (Doc. 34)**. For the reasons stated herein, the undersigned recommends that the Motion be denied.

On March 12, 2018, the Defendant was sentenced to 84 months imprisonment, four years supervised release, and a $2,400.000 fine, after pleading guilty to distributing 50 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Docs. 19, 32.) Defendant received a two-level enhancement in his base offense level for possession of a firearm. (Doc. 26 ¶ 45.) This resulted in a Sentencing Guideline range of 97 to 121 months, but the Court granted a downward variance and imposed a sentence of 84 months. (Doc. 33.)

In the motion currently before the Court, Defendant requests that the firearm enhancement be removed, stating that his use of drugs led to his criminal lifestyle, that he was a first-time offender, and that he is seeking drug treatment and participating in vocational and business classes to get his life back on track. (Doc. 34.) While Defendant's efforts during his incarceration are certainly to be commended, he has not identified any authority that would allow the Court to modify his sentence. A sentence reduction is authorized under Rule 35 of the Federal Rules of Criminal Procedure only to correct a sentence that resulted from an arithmetical,

technical, or other clear error, or if the Government files a motion to reduce a sentence based on substantial assistance. Neither of these circumstances are applicable to the Defendant. The only other basis for modifying a sentence is outlined in 18 U.S.C. § 3582(c) and the circumstances in that statute are not applicable to the Defendant. See 18 U.S.C. § 3582(c) (the court may modify a sentence upon motion of the Director of the Bureau of Prisons or in situations where a sentencing range has been subsequently lowered by the Sentencing Commission).

Based upon the foregoing, the undersigned recommends that Defendant's **Motion for Removal of Enhancement (Doc. 34) be DENIED. The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE